IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN BROOKS,<br><br>Defendant. | CR-02-79-BLG-DWM-CSO-1<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

**I. Synopsis of Recommendation**

A petition alleged that Defendant Benjamin Brooks ("Brooks") violated his conditions of supervised release by testing positive for methamphetamine. He admitted the alleged violation. Brooks' supervised release should be revoked, and he should be sentenced to 7 months imprisonment with 46 months supervised release to follow.

**II. Status**

On February 28, 2003, Brooks pled guilty to one count of Possession with Intent to Distribute Crack Cocaine within 1000 Feet of

1

a Protected Area. *ECF 64*. The Court sentenced Brooks to 150 months incarceration with 8 years of supervised release to follow. Subsequently, on Brooks' motion, the Court amended the sentence to 125 months incarceration with 8 years of supervised release to follow. *ECF 75, 76, 108*. Brooks began his first term of supervised release on August 29, 2011. *ECF 109*.

On July 2, 2012, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision alleging three violations of supervised release. *ECF 109*. Based on the petition, Judge Richard F. Cebull issued a warrant for Brooks' arrest, and on July 26, 2012, Brooks appeared before Judge Cebull for a hearing on whether his supervised release should be revoked. *ECF 114*. Brooks admitted to the three violations, and Judge Cebull revoked Brooks' supervised release. The Court sentenced Brooks to 7 months incarceration with 85 months supervised release. *ECF 115*. Brooks began this second term of supervised release on February 11, 2013. *ECF 117*.

**Petition**

On August 2, 2013, the United States Probation Office filed another Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Brooks to appear to answer allegations that he violated conditions of his second term of supervised release. *ECF 117*. The petition alleges that Brooks violated the preamble to the standard conditions by testing positive for methamphetamine. *ECF 117*.

Based on the petition, the undersigned issued a warrant for Brooks' arrest. *ECF 118*. The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7*.

**Initial Appearance**

Brooks was arrested on August 12, 2013. He made an initial appearance before the undersigned on August 15, 2013, in Billings, Montana. At the initial appearance, the Court heard argument from counsel with respect to the grade of Brooks' alleged violation. The

Court continued the revocation hearing to a later date, allowing counsel to file optional briefs on the issue.

On August 22, 2013, the United States filed a motion requesting the Court find that Brooks' alleged violation constitutes a Grade C violation under the sentencing guidelines. *ECF 124*.

**<u>Revocation Hearing</u>**

On August 26, 2013, the undersigned conducted a hearing on whether Brooks' supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Brooks. Assistant U.S. Attorney Brendan McCarthy represented the United States. The undersigned explained the Findings and Recommendations procedure to Brooks, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Brooks, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Brooks admitted the violation alleged in the Petition. The undersigned accepted his admission, determined that his supervised release should be revoked or modified, and proceeded to consider sentencing recommendations. Mr. Merchant indicated that he had no objection to the United States' motion with respect to the grade of Brooks' violation, and the Court recommends the United States' motion be granted. Accordingly, the Court calculated that Brooks' violation grade is C, his criminal history category is V, and the underlying offense is a class B felony. Under those circumstances, the maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 7 to 13 months incarceration. Brooks could be sentenced 5 years supervised release, less any incarceration time imposed. The Chapter 7 Guideline provisions call for 2 to 5 years supervised release. Mr. McCarthy and Mr. Merchant agreed with those calculations.

Mr. McCarthy requested a term of incarceration within the sentencing guideline range, but left the specific sentence to the Court's discretion. Mr. McCarthy argued that because this is Brooks' second

revocation, the Court should impose some term of custody and should not depart downward from the guideline range.

Mr. Merchant requested a long-term placement in a halfway house in lieu of incarceration. Mr. Merchant argued that Brooks suffers from mental health issues that arise from growing up on the streets of Oakland, California, and that until these mental health issues are addressed, further prison time will not further Brooks' rehabilitation. Mr. Merchant argued that the mental health problems are Brooks' main issue, and that he uses drugs as a means of coping with his mental challenges.

Brooks addressed the Court. Brooks stated that he moved to Billings upon his release from prison with the intent of turning his life around. He has since found employment and developed a relationship with a woman and her two young daughters. Brooks explained that he suffers from mental health issues and that he turned to drugs in July of this year to deal with hardships in his life. He argued that he needs mental health counseling and offered to help pay for the costs of such treatment.

In response, Mr. McCarthy indicated that he has no objection to Brooks receiving mental health treatment if it is available, but continued to recommend a term of incarceration. Mr. McCarthy argued that Brooks has been given multiple opportunities to be successful while on supervised release, and that there must be consequences for failing to follow the expectations imposed upon him.

### III. Analysis

Based on Brooks' admitted violation of his conditions of supervised release, his supervised release should be revoked. This being Brooks' second revocation, and in light of Brooks' substantial criminal history, a term of custody is appropriate to impart upon Brooks the seriousness of his noncompliance. Brooks has, however, demonstrated a willingness to attempt to improve his life, and has also shown a substantial need for mental health treatment. The Court also notes that the Petition here alleged only one violation, methamphetamine use. Accordingly, it appears that a sentence of incarceration on the low end of the guideline range is appropriate.

Brooks should be sentenced to 7 months incarceration, with 46

months supervised release to follow. The Court specifically recommends the following special condition of supervised release, in addition to the conditions recommended by the United States Probation Office:

> Brooks shall obtain a mental health evaluation, as approved by the United States Probation Office, and pursue any recommended treatment.

Mr. Merchant and the United States Probation Office agreed to work together to find an appropriate treatment provider upon Brooks' release from custody. Brooks agreed to cooperate fully with this mental health evaluation and treatment.

## IV. Conclusion

The undersigned advised Brooks that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Brooks that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Brooks violated the Preamble to the Standard Conditions by testing positive for methamphetamine.

The Court makes the following **RECOMMENDATIONS:**

1. The District Court should GRANT the United States' pending motion with respect to the grade of Brooks' violation *(ECF 124)*; and

2. The District Court should revoke Brooks's supervised release and commit Brooks to the custody of the United States Bureau of Prisons for a term of imprisonment of 7 months, with 46 months supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and

may waive the right to appear and allocute before a district judge.

Dated the 27th day of August, 2013.

                                       /s/ Carolyn S. Ostby
                                      United States Magistrate Judge